. J. H. YOUNT v. F. F. MORRISON et al.

*Mortgage—Power of Sale—Executors and Administrators.*

1. The executor of a mortgagee may exercise the power of sale contained in a mortgage, when the deed in terms confers such power upon the mortgagee and his executors. The Act of 1887, ch. 147, was intended to confer the power of sale upon executors and administrators when such power is not given in the deed.

2. The reception of irrelevant testimony will not be sufficient to warrant a new trial, when it can be seen it was harmless.

CIVIL ACTION, tried at August Term, 1891, of IREDELL Superior Court, *Armfield, J.,* presiding.

The complaint alleges that the plaintiff is the owner and entitled to have possession of the land described therein; that the defendant is in possession thereof and unlawfully withholds the same from him, etc. The answer denies such allegations, except as to the possession, which it is alleged is lawful, etc. It is further alleged therein that the husband of the *feme* defendant was the owner in fee of the land, and he and she, on or about the 14th of March, 1878, executed a deed of mortgage of the same to Franklin Gay, to secure a debt due from her husband to him for $600; that $96 of this debt was paid on the 14th of March, 1880; that on the 22d of December, 1885, the said Gay having died, leaving a will, his executor, John B. Holman, sold the land by virtue of a power contained in said will, and the *feme* defendant bid the same off at the price of $900; that since she so bought, the mortgage debt has been paid and the mortgage discharged, but she never received a deed for the land; that the plaintiff, at the time he purchased any pretended interest in the land, had full knowledge of her rights as such purchaser, etc.; and the answer demands judgment that the said Holman and others make deed to her, etc.

Among other appropriate issues which the Court submitted to the jury is the following, to which they responded in the negative: "Did the defendant Mary E. Morrison purchase said land under the mortgage and at the mortgage sale, as she alleges in her answer?"

On the trial the plaintiff put in evidence the mortgage deed referred to, which contained a power authorizing the mortgagee Gay and his executor to sell the land for the purpose of the mortgage. He then proved the death of the mortgagee; the appointment and qualification of J. B. Holman as executor of his will. He further put in evidence a deed from the said executor to C. L. Summers, who purports to have been the purchaser of the land for him. This deed was objected to on the ground that the power of sale mentioned could only be executed by the heirs at law of said Gay, and not by the executor of his will. The Court declined to sustain this objection, and this is assigned as error.

The plaintiff then put in evidence a deed in trust for the land from said C. L. Summers to himself.

The defendant introduced one Stevenson, and proposed to prove by him that a day or two before the mortgage sale by Holman, at which *feme* defendant claimed to be purchaser, said C. L Summers told him the arrangement had been made for the defendant Mary E. Morrison to purchase the land as a home for herself and her children, and that he, Summers, was going to pay for it for her; said Holman having already testified for the plaintiff that no money was paid at said sale; that Mrs M. E. Morrison, the defendant, was the bidder, and that he took the note of said C. L. Summers for the purchase money and returned the mortgage marked satisfied, to E. F. Morrison, the mortgagor. Upon plaintiff objecting to this evidence the same was excluded, and the defendant excepted.

The plaintiff, testifying in his own behalf, was asked what
E. F. Morrison, husband of *feme* defendant, and who had
put in no answer, said to witness two or three years after the
mortgage sale, about the wife's purchase of this land in con-
troversy at the mortgage sale. The defendant objected to
this evidence; objection overruled.

The evidence admitted as against E. F. Morrison only, he
being at the time of said declaration proposed to be proved
living upon the land with his wife, the *feme* defendant, and
witness proceeded to state that E. F. Morrison told him that
C. L. Summers had fixed things now to suit himself, and
that said Summers might take what was his own, referring
to defendant M. E. Morrison and her children, and he, E. F.
Morrison, was going to Texas; that he would give up the
land without trouble, and that he had but recently heard of
his wife's claim upon said land."

Mary E. Morrison appealed.

*Mr. M. L. McCorkle*, for plaintiff.
No counsel, *contra*.

MERRIMON, C. J.—after stating the case : The appellant's
principal contention is that the executor of Gay, the mort-
gagee, had not power under and in pursuance of the mortgage
deed to sell the land in controversy, and execute to the pur-
chaser a deed effectual to pass the title thereto to Summers.
This objection is untenable. The deed of mortgage expressly
empowered Gay or his executor to sell and convey the land,
and there is no reason in legal contemplation why this might
not be done. In and by the deed the mortgagor and mort-
gagee agreed that the latter might execute the power, and
if for any reason he could or should not do so in his life-
time, his executor after his death might. He made his will
and therein appointed an executor; he died and the execu-
tor, Holman, qualified as such, sold and conveyed the land

by deed, and thus the power was sufficiently executed. To provide that an executor shall execute a power designates with certainty the person to be charged for the purpose. If no executor had been appointed, then the appellant's objection might have had some force at the time the deed was executed. *Demorest* v. *Wynkoop*, 3 Johns., ch. 145; 2 Jones on Mort., § 1786.

The statute, however (Acts 1887, ch. 147), expressly confers upon the executor of a deceased mortgagee all the powers, rights and duties he had to enforce the mortgage. This statute applies to cases where the executor is not mentioned in the power. In this case, the executor was in terms authorized to execute it.

The evidence rejected, offered by the appellant, so far as appears, was not pertinent for any proper purpose. She alleges in her answer that she bid the land off at the sale, and that it was thereafter paid for and the mortgage discharged, but she does not at all allege that she paid for it or that she gave her note or other obligation for the purchase-money; nor does she allege that Summers gave his note for the purchase-money and afterwards paid the same at her instance, and took the deed for the land for her benefit and that of her children, or that he agreed to do so. Much of this testimony was mere hearsay, and none of it was pertinent in any aspect of the pleadings. It was properly rejected.

The testimony of the plaintiff objected to, but admitted, on the trial, was, in view of the findings, scarcely pertinent, but it was harmless.

In no view of the case, as it appears to us, was the appellant entitled to a verdict or judgment.

Judgment affirmed.